### Commonwealth v. Ristau

*Mark M. Ristau,* for appellant.

*Samuel F. Bonivita,* District Attorney, for Commonwealth.

WOLFE, P.J., September 12, 1974.—Defendant was arrested for violation of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS § 1002, sec. 1002, subsection (b)-6, and was found guilty in the magistrate Court. Subsequently, defendant petitioned the court for a writ of certiorari; however, since this writ has been abolished pursuant to article V, 26, of the Constitution of Pennsylvania and the abolition was implemented by

Rule 67 of the Pennsylvania Rules of Criminal Procedure in summary cases, effective January 1, 1974, defendant has now filed an appeal coupled with a petition to quash the criminal proceedings to perserve his objections as to procedure and denial of his motions raised before the Magistrate.

Defendant argues that since the writ of certiorari has been abolished, his constitutional rights have been denied because, as a matter of law, defendant would have deemed to waive any substantial defects in the proceedings before the magistrate which were formerly brought before the court by writ of certiorari.

Rule 67(f) controlling appeals from summary judgments states:

"This rule shall provide the exclusive means of appealing from a summary conviction. Courts of common pleas shall no longer issue writs of certiorari in such cases."

Rules of procedure, whether they be civil or criminal, cannot transgress substantive law. Rules implement and are the conveyors of substantive rights and are remedial in character. Thus, it would be unconstitutional in our opinion for any rule or any abolition of a rule that would abridge constitutional rights.

We hold an appeal properly perfected under Rule 67 will preserve all prior rights that could be brought under a writ of certiorari and may be considered by the court on appeal de novo.

For these reasons, we will allow the appeal, after which time defendant may raise any matters of law pertaining to his alleged violation.

## ORDER

And now, September 12, 1974, October 3, 1974, at 1:30 p.m. is set for hearing de novo on the captioned matter.